**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Antonio JONES, Defendant—Appellant.**

**No. 02–10613.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Nov. 6, 2003.

Camille Damm, Esq., Howard J. Zlotnick, Russell E. Marsh, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Thomas C. Naylor, Esq., Henderson, NV, for Defendant–Appellant.

Before: PREGERSON, BEAM,\* and PAEZ, Circuit Judges.

## MEMORANDUM \*\*

A jury found Antonio Jones guilty of interference with commerce by robbery, 18 U.S.C. § 1951(a) (Hobbs Act), and use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). Jones seeks a new trial, asserting the district court erred when it refused to suppress Jones' confession, allowed evidence of eyewitness identifications, refused to grant a mistrial in response to the late disclosure by the prosecution of a government witness' prior recorded statement, and instructed the jury that the requisite effect on interstate commerce under the Hobbs Act need only be de minimus. We affirm.

With regard to Jones' confession, the district court adopted the Report and Recommendation of the magistrate judge, who found that Jones did not invoke his rights under *Miranda* to remain silent or have counsel present, but rather knowingly, intelligently, and voluntarily waived these privileges. We find the district court did not clearly err in this regard. *United States v. Doe,* 819 F.2d 206, 209 (9th Cir.1985) (standard of review).

Jones also challenges the admission of testimony concerning an on-the-scene identification of Jones and a subsequent in-court identification. After a de novo review, we find that even if the pretrial procedures were impermissibly suggestive, " 'under the totality of the circumstances the identification [was] sufficiently reliable.' " *United States v. Montgomery,* 150 F.3d 983, 993 (9th Cir.1998) (quoting *United States v. Bagley,* 772 F.2d 482, 492 (9th Cir.1985)); *id.* at 992 (standard of review); *see also Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) (listing relevant factors).

The prosecution also failed to disclose a prior, recorded inconsistent statement made by a government witness until a day or two after that witness had testified. Jones claims this error deprived him of due process under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We disagree. The statement was disclosed to defense counsel at trial during the government's case-in-chief and the failure to disclose was inadvertent. Moreover, Jones was given the opportunity to continue the trial or call back the witness, and in fact, he presented the impeaching *Brady* material to the jury. As such, we cannot conclude that " 'the lateness of the disclosure so prejudiced appellant's prepa-

---

\* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**594**

ration or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial.' " *United States v. Shelton,* 588 F.2d 1242, 1247 (9th Cir.1978) (quoting *United States v. Miller,* 529 F.2d 1125, 1128 (9th Cir.1976)).

 Finally, Jones claims the jury instruction concerning the requisite effect on interstate commerce articulated an incorrect standard. Again, we disagree. The jury instruction in question accurately stated the standard for evaluating the effect of a business robbery on interstate commerce under the Hobbs Act–"a probable or potential impact." *United States v. Atcheson,* 94 F.3d 1237, 1243 (9th Cir. 1996).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.